IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-03361-RBJ

NAJEEB RAHMAN,

    Applicant,

v.

ROBERT HUDGINS, Warden,

    Respondent.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) (the "Application") filed *pro se* by Applicant, Najeeb Rahman. Mr. Rahman challenges the computation of his sentence, contending the Federal Bureau of Prisons ("BOP") is ignoring the sentencing court's order that the sentence run concurrently with a prior sentence. On February 14, 2019, Respondent was ordered to show cause why the Application should not be granted. On March 7, 2019, Respondent filed a Response to Application for Writ of Habeas Corpus (ECF No. 13). On March 25, 2019, Mr. Rahman filed a "Reply to Respondent['s] Response for Writ of Habeas Corpus" (ECF No. 14). After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be denied and the case dismissed with prejudice.

### I. BACKGROUND

On October 9, 2014, Mr. Rahman was arrested for violating the conditions of his

supervised release in case number 08-cr-00126-RLH-PAL in the United States District Court for the District of Nevada. (*See* ECF No. 13-3.) He was released the following day. On March 13, 2015, he was arrested again. (*See* ECF No. 13-4.) On June 22, 2015, he was sentenced in District of Nevada case number 08-cr-00126-RLH-PAL-1 to 16 months in prison for violating the conditions of his supervised release. (*See* ECF No. 13-5.) Mr. Rahman was given prior custody credit for the period from October 9, 2014, through October 10, 2014, and for the period from March 13, 2015, through June 21, 2015. (*See* ECF No. 13-2 at pp.4-5.) He completed the 16-month sentence on May 9, 2016. (*See id.* at p.5; ECF No. 13-6.) However, he was not released. Instead, he remained in federal custody in connection with a second District of Nevada case, case number 15-cr-00178-LDG-GWF-1.

On April 18, 2017, Mr. Rahman was sentenced in case number 15-cr-00178-LDG-GWF-1 to a total term of 96 months in prison following a guilty plea to conspiracy to commit wire fraud. (*See* ECF No. 13-7.) The sentencing court ordered the 96-month sentence to run concurrently with the prior sentence in case number 08-cr-00126-RLH-PAL-1. (*See id.* at p.2.) The BOP has determined the 96-month sentence commenced on April 18, 2017, and has given Mr. Rahman prior custody credit for the period from May 10, 2016, through April 17, 2017. (*See* ECF No. 13-2 at pp.2-3.) His projected release date is April 29, 2023. (*See id.*)

Mr. Rahman contends in this action that his 96-month sentence in case number 15-cr-00178-LDG-GWF-1 must either commence on March 13, 2015, when he was arrested the second time for violating the conditions of his supervised release, or that he

is entitled to prior custody credit for his 96-month sentence beginning on March 13, 2015, in order to comply with the sentencing court's order that the 96-month sentence run concurrently with the prior 16-month sentence in case number 08-cr-00126-RLH-PAL-1. Mr. Rahman alternatively asks the Court in his reply to advise the sentencing court to correct the alleged sentencing error and resentence him to 80 months in prison, which would make the 96-month sentence fully concurrent with the prior 16-month sentence.

## II. LEGAL STANDARDS

The Court must construe the Application and other papers filed by Mr. Rahman liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Rahman "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue

involves the date a federal sentence commences.  *See id.*  "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  The second issue involves credit for prior custody.  *See Binford*, 436 F.3d at 1254. Pursuant to 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence."  *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

The Attorney General, through the BOP, is responsible for making the sentence calculations contemplated by § 3585.  *See United States v. Wilson*, 503 U.S. 329, 334 (1992).  The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

### III.  DISCUSSION

**A.  Commencement of Mr. Rahman's 96-Month Sentence**

Pursuant to § 3585(a), a federal sentence does not commence until a prisoner is actually received into federal custody to serve the sentence.  *See Binford*, 436 F.3d at 1255.  Thus, logic dictates that a federal sentence cannot commence before the sentence is imposed, even if the sentence is ordered to run concurrently with a sentence already being served.  *See DeMartino v. Thompson,* No. 96-6322, 1997 WL

362260 at *2 (10th Cir. July 1, 1997) (citing *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)); *see also Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005) ("A federal sentence cannot commence before it is imposed."). Consistent with this logic, BOP Program Statement 5880.28 provides that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."

There is no dispute regarding the date on which Mr. Rahman's 96-month sentence in case number 15-cr-00178-LDG-GWF-1 was imposed. As noted above, the sentence in case number 15-cr-00178-LDG-GWF-1 was imposed on April 18, 2017. Because Mr. Rahman already was in custody when that sentence was imposed, the BOP correctly has determined the 96-month sentence commenced on April 18, 2017.

The fact that the sentencing court ordered the sentence in case number 15-cr-00178-LDG-GWF-1 to run concurrently with the prior sentence in case number 08-cr-00126-RLH-PAL-1 does not alter this conclusion. "[I]f a term of imprisonment is imposed on a defendant *who is already subject to an undischarged term of imprisonment*, the terms may run concurrently or consecutively." 18 U.S.C. § 3584 (emphasis added). In this action, there is no dispute that the 16-month sentence in case number 08-cr-00126-RLH-PAL-1 expired before the 96-month sentence in case number 15-cr-00178-LDG-GWF-1 was imposed. As a result, there was no undischarged term of imprisonment that could run concurrently with the new sentence in case number 15-cr-00178-LDG-GWF-1. In any event, even if there was an undischarged term of imprisonment on April 18, 2017, when the 96-month sentence in case number 15-cr-00178-LDG-GWF-1 was imposed, it is clear for the reasons

discussed above that the 96-month sentence did not commence prior to that date.

**B.  Credit for Prior Custody**

The next question is whether Mr. Rahman is entitled to additional credit against his 96-month sentence for his time in custody prior to the commencement of that sentence on April 18, 2017.  As noted above, the BOP has awarded prior custody credit for the period from May 10, 2016, through April 17, 2017.  This period of prior custody credit accounts for the time after Mr. Rahman completed his 16-month sentence in case number 08-cr-00126-RLH-PAL-1 on May 9, 2016, and prior to the commencement of the 96-month sentence on April 18, 2017.  Mr. Rahman's assertion that he is entitled to additional prior custody credit beginning on March 13, 2015, lacks merit because § 3585(b) prohibits awarding credit for prior custody if the time has been credited against another sentence.  The record before the Court demonstrates that Mr. Rahman received credit against his 16-month sentence for the period from March 13, 2015, through May 9, 2016, either as prior custody credit or credit for actual service of that sentence.  As a result, he is not entitled to credit against his 96-month sentence for the same period of time.  "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time."  *Wilson*, 503 U.S. at 337.

**C.  Alternative Request for Relief.**

Finally, Mr. Rahman alternatively asks the Court to advise the sentencing court to correct the alleged sentencing error and resentence him to 80 months in prison, which would make the 96-month sentence fully concurrent with the prior 16-month sentence.

The Court lacks jurisdiction in this habeas corpus action pursuant to 28 U.S.C. § 2241 to consider the validity of the sentence imposed by the District of Nevada or to order the District of Nevada to impose a different sentence. Any claims challenging the validity of the sentence must be filed in the sentencing court in a motion pursuant to 28 U.S.C. § 2255.

## IV. CONCLUSION

In summary, the Court finds that Mr. Rahman is not entitled to relief and the Application will be denied. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this case is dismissed with prejudice.

DATED April 5, 2019.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge